UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04- CIV-COOKE

EDGARDO RODRIGUEZ,

    Plaintiff,

v.

NIELSEN MEDIA RESEARCH, INC., and
VNU BUSINESS MEDIA, INC., a/k/a
VNU, INC.,

    Defendants.

### NOTICE OF REMOVAL

Defendants, NIELSEN MEDIA RESEARCH, INC., and VNU BUSINESS MEDIA, INC., (incorrectly sued herein as "VNU BUSINESS MEDIA, INC. a/k/a VNU INC.") (hereinafter the "Defendants") through their counsel, Epstein Becker & Green, P.C., file this Notice of Removal from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to this Court for the proceeding entitled "EDGARDO RODRIGUEZ, Plaintiff, v. NIELSEN MEDIA RESEARCH, INC., and VNU BUSINESS MEDIA, INC., a/k/a VNU, INC., Defendants," and assigned Case No. 04014009, in accordance with 28 U.S.C. §§ 1441 and 1446, on the following grounds:

    1.    The removing parties are the Defendants in the above-styled action.

    2.    Plaintiff filed this action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida on or about August 31, 2004. Plaintiff's Complaint was served on Defendant Nielsen Media Research, Inc., on or about August 31, 2004. A copy of all pleadings

MI:3340v1

- 2 -

and papers served and filed in the aforementioned state court action is attached to this Notice of Removal as Composite Exhibit No. 1.

3. Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et seq.

4. This Court has Federal Question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

5. Plaintiff's action arises under a law of the United States (i.e., Title VII of the Civil Rights Act of 1964). Thus, removal is proper, as the case is within the Court's original jurisdiction.

6. This cause became removable on or about August 31, 2004 when Defendant Nielsen Media Research, Inc. was served with the Complaint. Thirty days have not yet expired since the action which forms the subject matter thereof became removable to this Court. Defendants have not filed any pleadings in this matter, or taken any action whatsoever since the cause herein became removable, except to file this Notice of Removal.

7. Venue is proper in the Southern District of Florida in that the Circuit Court action is pending within the jurisdictional confines of this District.

8. Defendants unanimously consent to the removal of this cause.

- 3 -

**WHEREFORE**, Defendants request that further proceedings in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, in Case No. 04014009 be discontinued, and that this action be removed to the United States District Court for the Southern District of Florida.

10th Floor
Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
(305) 373-4088
(305) 373-4083 (Fax)

EPSTEIN BECKER & GREEN, P.C.

By /s/ Michael W. Casey, III
Michael W. Casey, III
Florida Bar No. 0141430
Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Notice of Removal has been furnished to attorney for Plaintiff Mark M. Berkley, Esquire, 385 West 49th Street, Suite C, Hialeah, FL 33012, by mail, this ___ day of September, 2004.

Michael W. Casey, III

Case No. _____

# COMPOSITE EXHIBIT 1

xxx

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein does not replace the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075

1. CASE STYLE

    (NAME OF COURT) _Civ+_

    PLAINTIFF _Edgardo Rodriguez_

    Case Number  04014009

    Judge  03

    VS.

    DEFENDENT _Nielsen Media Research, inc_

2. TYPE OF CASE (Place an X in one box only. If the case fits more than one type of case, select the most definitive.)

    DOMESTIC RELATIONS
    [ ] Simplified dissolution
    [ ] Dissolution
    [ ] Support -IV-D
    [ ] Support- Non IV-D
    [ ] URESA-IV-D
    [ ] URESA-Non IV-D
    [ ] Domestic Violence
    [ ] Other domestic relations

    TORTS
    [ ] Professional Malpractice
    [ ] Products liability
    [ ] Auto negligence
    [ ] Other negligence

    OTHER CIVIL
    [ ] Contracts
    [ ] Condominium
    [ ] Real property/Mortgage foreclosure
    [ ] Eminent domain
    [ ] Other

3. IS JURY TRIAL DEMANDED IN COMPLAINT?    [ ] YES    [✓] NO

SIGNATURE OF PARTY INITIATING ACTION.

DATE _8/2/04_

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 04014009

FLORIDA BAR NO.:775320

EDGARDO RODRIGUEZ,

    Plaintiff,

vs.

NIELSEN MEDIA RESEARCH, INC., and
VNU BUSINESS MEDIA, INC, a/k/a
VNU, INC.

    Defendants.

03

## COMPLAINT

COMES NOW, EDGARDO RODRIGUEZ, Plaintiff, and sues the Defendants NIELSEN MEDIA RESEARCH, INC., and VNU BUSINESS MEDIA, INC., a/k/a, VNU, INC., (hereinafter collectively referred to as "NIELSEN") and in sues NIELSEN and in support thereof states as follows:

1. This is an action for damages of in excess of the minimum jurisdiction of this Court.

2. The Plaintiff is, and at all pertinent times, was a resident of Broward County, Florida.

3. NIELSEN, is and was at all pertinent times established and doing business in the City of Weston, County of Broward, State of Florida and is and was there established.

4. This Court has jurisdiction over the matters contained herein, as to the wrongful acts of NIELSEN for the reason that all of the acts complained of herein occurred in Broward County, Florida and therefore venue is proper.

5. Plaintiff, at all relevant times was employed by NIELSEN located at 1083 Shotgun Road, Weston, Florida 33326.

6. Plaintiff was employed by NIELSEN during the period of time from on or about October 13, 1997 through on or about April 16, 2004, when he was terminated by NIELSEN.

7. From on or about October 13, 1997 through on or about April 16, 2004, a period of approximately seven (7) years the Plaintiff and NIELSEN through it agents and/or representatives, acted upon an employment relationship between the parties, whereby NIELSEN was the employer and Plaintiff was the employee at one or more of NIELSEN'S places of business in the State of Florida.

8. The employment relationship was executed by the actions of the parties and the obligation(s) were thereby assumed by all parties.

9. The employment relationship further provided that the Plaintiff was to receive compensation in the form of wages, and other methods of compensation and other benefits and would be employed as long as he did his job and would be treated in a fair, equitable non discriminatory fashion similar to other employees similarly situated consistent with all relevant State and Federal requirements, Laws and Rules, and policies of NIELSEN.

10. The Plaintiff fully performed all of his obligations under the employment relationship by performing all duties required by NIELSEN it agents, employees and servants. For over seven (7) years Plaintiff received regular increases in pay, his reviews were favorable and he was never advised in writing or otherwise nor was he counseled that his performance was unacceptable to NIELSEN until he was terminated without warning on or about April 16, 2004.

11. From on or about February, 2004 until the date of my termination, NIELSEN'S Regional Manager, one DAVID OZAN treated Plaintiff in a discriminatory and retaliatory fashion and did ultimately terminate Plaintiff for reasons of retaliation and pretense due to his gender and more specifically because of Plaintiff's relationship with a female co-worker, one YENNY SANCHEZ, (OZAN'S immediate subordinate) to whom said DAVID OZAN was paying more than professional attention. On more than one occasion, OZAN acted towards Plaintiff seemingly as if he (OZAN) were jealous of Plaintiff's relationship with said YENNY SANCHEZ.

12. That Plaintiff was guilty of no act of impropriety, complied with all rules and regulations of his employer and that Plaintiff's termination was illegal, improper and done without good cause.

13. That the facts alleged above constitute a violation of Section 760 et seq. of Florida Statutes and/or Title VII of the Civil Rights of 1964.

14. That Plaintiff has complied with all administrative requirements pursuant to the

United States EEOC and/or State jof Florida Civil Rights Act preceding the bringing of the within action. (Exhibit "A")

15. That Plaintiff has retained undersigned counsel and agree to pay a reasonable attorney fee and cost for the bringing of the within action.

WHEREFORE, Plaintiff prays this Honorable court to enter a Judgment against NIELSEN, award compensatory damages, including but not limited to back pay, front pay benefits and interest accrued therein from the date of termination and any and all further damages, mental anguish, loss of dignity caused by NIELSEN's wrongful discriminatory acts, award punitive damages as may be allowed by law (Sec. 760.11 F.S.) and, reimbursements of all costs and award a reasonable attorney fees such other and further relies as this Court may deem just and proper under the circumstances and as allowed by law.

A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.

Dated: August 27, 2004.

_____
MARK M. BERKLEY, ESQUIRE
ATTORNEY FOR PLAINTIFF
385 WEST 49TH STREET
SUITE C
HIALEAH, FLORIDA 33012
TELEPHONE: 305 556-2626
FAX: 305 556-1915
FLORIDA BAR NO.:775320

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Edgardo Rodriguez<br>5100 Washington Street<br>Apartment 506<br>Hollywood, FL 33021 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2004-03015 | Florina G. Hernandez, Investigator | (305) 536-7236 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Federico Costales,
Director

JUN 0 4 2004
(Date Mailed)

Enclosure(s)

cc: **Respondent's Representative**

Bob Burns
Human Resources Director
NIELSEN MEDIA RESEARCH
375 Patricia Avenue
Dunedin, FL 34698

**Charging Party's Representative**

Mark M. Berkley
Attorney At Law
385-C West 49 Street
Hialeah, FL 33012

(EXHIBIT "A")

☒ IN THE CIRCUIT COURT OF T... 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
☐ IN THE COURT IN AND FOR BROWARD COUNTY, FLORIDA

| DIVISION<br>☒ CIVIL<br>☐ OTHER | SUMMONS<br>20 DAY CORPORATE SERVICE | CASE NUMBER<br>04014009 |
|---|---|---|

| PLAINTIFF(S)<br><br>EDGARDO RODRIGUEZ | VS. DEFENDANT(S)<br><br>NIELSEN MEDIA RESEARCH, INC.,<br>and VNU BUSINESS MEDIA, INC.,<br>a/k/a VNU, INC. | CLOCK IN |
|---|---|---|

SERVED

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant(s):

NIELSEN MEDIA RESEARCH, INC., AND VNU BUSINESS MEDIA, INC., a/k/a VNU, INC.

R/A   CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:
MARK M. BERKLEY, ESQUIRE
whose address is: 385 WEST 49TH STREET, SUITE C
HIALEAH, FLORIDA 33012
TELEPHONE: 305 556-2626 - FAX 305 556-1915

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

HOWARD C. FORMAN

HARVEY RUVIN
CLERK OF COURTS
BY: _____ DEPUTY CLERK

DATE
AUG 3 1 2004

AMERICANS WITH DISABILITIES ACT OF 1990
IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE COURT ADA COORDINATOR/ELLIS D. PETTIGREW, NO LATER THAN 7 DAYS PRIOR TO THE PROCEEDINGS AT (305) 375-2006 (VOICE), OR (305) 375-2007 (TDD).

(COURT SEAL)

CLK/CT314 Rev. 03/95

Recieved this summons _____, 19 _____, and served the same at _____ o'clock _____. M., _____, 19 _____, by delivering a true copy thereof with a copy of the Complaint or Initial pleading to:

thewithin named Defendant _____

Copy return _____   Sheriff of _____ County, Fla.

Service _____   by: _____

_____ Miles _____            Deputy Sheriff

(COURT SEAL)

CLK/CT314 Rev. 03/95

## VERIFIED RETURN OF SERVICE, SUMMONS
**EDGARDO RODRIGUEZ**

CASE NO:**04-014009**

VS.                       TYPE OF WRIT: 20 DAY SUMMONS

**NIELSEN MEDIA RESEARCH, INC. ET. AL.**

Pursuant to the request of MARK M. BERLEY, ESQ., whose office is located at 385 WEST 49 ST. STE. C HIALEAH, FL., and pursuant to the Chief Judge's Administrative Order No. 94-12, dated Aug. 15, 1994, I, **PERRY PARANG, # 47** ,received this document on**8/31/04** and served the same on **NIELSEN MEDIA RESEARCH, INC.** on **8/31/04** at **3:20 PM** at **1200 S. PINE ISLAND ROAD PLANTATION, FL.**

[] **INDIVIDUAL:**   By serving the within named person a copy of the writ , a copy of the complaint, petition or initial pleading.

[]   **SUBSTITUTE:** By serving a copy of this writ, and a copy of the complaint, petition or initial pleading at the defendants usual place of abode on a person permanently residing therein, to wit,
who is 15 years or older, and informing the person of the contents.

[X]   **CORPORATE:** By serving CT CORPORATION SYSTEM as REG. AGENT/ANNE BOUTILIER
as pursuaint to Florida Statutes SS48.091. Service was attempted on _____ at ___:___M to serve Registered Agent. Failure of registered agent to comply with F.S.48.091 as stated in F.S. 48.081(3), service of process **shall** be permitted on **any** employee at the corporation's place of business.

[]   **NO SERVICE**: For the reason that diligent search and inquiry failed to find said
, .

**I ACKNOWLEDGE that I am Certified Process Server in the Circuit in good standing (or authorized to serve process in the Circuit), in which this defendant was served, and that I have no interest in the above action. Under penalty of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true.**

BEFORE me, the undersigned authority, this day personally appeared PERRY PARANG, who first being duly sworn, says that he or she has read the foregoing return and has personal knowledge of the facts and matters therein set forth and alleged and that each and all of these facts and matters are true and correct.

Court Certified Process Server
PERRY PARANG, # 47

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET    04 - 61

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Edgardo Rodriguez

**DEFENDANTS** CIV - COOKE / McALILEY
Nielsen Media Research, Inc. and VNU Business Media, Inc. a/k/a VNU, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

0:04cv61227 Cooke/McAliley

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark Berkley, Esquire, Suite C, 385 West 49 Street, Hialeah, Fla. 33012 (305)556-2626

ATTORNEYS (IF KNOWN) Michael W. Casey, III, Esquire
Epstein Becker & Green, P.C., 10th Floor 201 So. Biscayne Boulevard, Miami, Fla. 33131 (305) 373-4088

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   (BROWARD),   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 2000e, et seq. Plaintiff alleges that Defendants discriminated and retaliated against him due to his gender when terminating him from employment

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____
DOCKET NUMBER _____

DATE 9/20/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 231950   AMOUNT 150 00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____