Sep 24 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61227-CIV-COOKE/McALILEY

EDGARDO RODRIGUEZ,

    Plaintiff,

v.

NIELSEN MEDIA RESEARCH, INC. and
VNU BUSINESS MEDIA, INC. a/k/a
VNU, INC.,

    Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, NIELSEN MEDIA RESEARCH, INC. ("Nielsen") and VNU BUSINESS MEDIA, INC., (incorrectly sued herein as "VNU BUSINESS MEDIA, INC. a/k/a VNU INC.") (collectively the "Defendants") through their counsel, Epstein Becker & Green, P.C., file this Answer and Affirmative Defenses to Plaintiff's Complaint, and in response to the numbered paragraphs of the Complaint, states:

1. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1, and therefore, deny said allegations. Defendants deny that Plaintiff is entitled to damages or any other relief.

2. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore, deny said allegations.

3. Defendants admit that Defendant Nielsen does business in the City of Weston, County of Broward, State of Florida. Defendants deny the remaining allegations contained in paragraph 3.

MI:3425v1

4. Defendants admit that the United States District Court for the Southern District of Florida has jurisdiction over, and is the proper venue for, the Plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 4.

5. Defendants admit that Defendant Nielsen employed the Plaintiff from approximately October 13, 1997, until approximately April 16, 2004. Defendants deny the remaining allegations contained in paragraph 5.

6. Defendants admit that Defendant Nielsen employed the Plaintiff from approximately October 13, 1997, until approximately April 16, 2004. Defendants admit that Defendant Nielsen terminated the Plaintiff on or about April 16, 2004. Defendants deny the remaining allegations contained in paragraph 6.

7. Defendants admit that Defendant Nielsen employed the Plaintiff from approximately October 13, 1997, until approximately April 16, 2004. Defendants deny the remaining allegations contained in paragraph 7.

8. Defendants admit that Defendant Nielsen employed the Plaintiff from approximately October 13, 1997, until approximately April 16, 2004. Defendants deny the remaining allegations contained in paragraph 8.

9. Defendants admit that Defendant Nielsen employed the Plaintiff from approximately October 13, 1997, until approximately April 16, 2004; and that Plaintiff was treated in a fair, equitable non-discriminatory manner consistent with all relevant state and federal requirements, laws and rules, and Defendant Nielsen's policies. Defendants deny the remaining allegations contained in paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Denied. Defendants deny that there is any factual or legal basis for this action, and refer all questions of law to the Court.

14. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14, and therefore, deny said allegations, and refer all questions of law to the Court.

15. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and therefore, deny said allegations.

16. In response to the ad damnum clause following paragraph 15, Defendants deny that Plaintiff is entitled to any of the relief requested.

17. Defendants deny that there are any issues to be tried by a jury.

18. Defendants deny all allegations in the Complaint except for those expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

19. Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

20. All claims based upon alleged violations of the Florida Civil Rights Act ("FCRA") as to which Plaintiff failed to file charges or complaints of employment discrimination or retaliation with the Florida Commission on Human Relations ("FCHR") are barred by the FCRA and fail to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

21. All claims based upon alleged violations of the FCRA as to which Plaintiff failed to file charges or complaints of employment discrimination or retaliation with the FCHR within 365 days of their occurrence are barred and fail to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

22. All claims based upon allegations that exceed the scope of Plaintiff's charge filed with the FCHR are barred by the FCRA and fail to state a claim upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

23. All claims based upon alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII) as to which Plaintiff failed to file charges or complaints of employment discrimination or retaliation with the Equal Employment Opportunity Commission ("EEOC") are barred by Title VII and fail to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

24. All claims based upon alleged violations of Title VII as to which Plaintiff failed to file charges or complaints of employment discrimination or retaliation with the EEOC within 365 days of their occurrence are barred and fail to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

25. All claims based upon allegations that exceed the scope of Plaintiff's charge filed with the EEOC are barred by Title VII and fail to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

26. Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by his failure to exhaust his administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

27. Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by his failure to mitigate or reasonably attempt to mitigate his alleged damages.

## TENTH AFFIRMATIVE DEFENSE

28. Plaintiff failed to mitigate or reasonably attempt to mitigate his alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

29. At all times relevant, Defendants acted in good faith with regard to Plaintiff and had reasonable grounds for believing that their actions were not in violation of the law.

## TWELFTH AFFIRMATIVE DEFENSE

30. No act, breach or omission of Defendants either proximately caused or contributed to whatever damages, if any, Plaintiff may have sustained and, on account thereof, Plaintiff is not entitled to any recovery from any Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

31. The proximate cause of Plaintiff's damages, if any, was the conduct of the Plaintiff and not any of the Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

32. Even assuming Plaintiff's gender or alleged complaint of discrimination played any role in Defendants' decision to terminate his employment, which Defendants expressly deny, Defendant Nielsen would have terminated his employment regardless of his gender or his alleged complaint.

FIFTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff's Complaint is frivolous, unreasonable and without foundation.

34. Defendants reserve the right to assert further affirmative defenses as they become available through discovery or investigation.

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing the Complaint with prejudice, awarding Defendants reasonable attorneys' fees and costs in this action, and granting Defendants such other relief as the Court may deem just and proper.

EPSTEIN BECKER & GREEN, P.C.

10th Floor
Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131
Tel: (305) 373-4088
Fax: (305) 373-4083

By_____/s/_____
Michael W. Casey, III
mcasey@ebglaw.com
Florida Bar No. 0141430
Counsel for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document has been furnished to Counsel for Plaintiff, Mark M. Berkley, Esquire, Suite C, 385 West 49 Street, Hialeah, Florida  33012, this 24th day of September, 2004.

_____/s/_____
Michael W. Casey, III